DETERMINED IN THE

## FOURTH DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1907.

---

### Gallatin Coal & Coke Company v. Johanna Andrewzew-ski.

MINES AND MINERS ACT—*who not entitled to benefit of provisions of.* Where an employe in a mine is injured while in the performance of the duty of putting in necessary props and making surrounding conditions safe, he cannot recover of a mine owner by virtue of the several provisions contained in the Mines and Miners Act, compliance with which he was engaged in making.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Washington county; the Hon. CHARLES T. MOORE, Judge, presiding. Heard in this court at the February term, 1907. Reversed and remanded. Opinion filed September 13, 1907.

LINN R. BROKAW and J. A. WATTS, for appellant.

WEBB & WEBB and VERNOR & VERNOR, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

This was an action in case under the Miners Act, brought by appellee against appellant, to recover damages for the death of appellee's husband alleged to have been caused by appellant's wilful failure to comply with the requirements of the statute. The declaration is in one count and alleges that deceased was engaged in mining coal for appellant whose mine ex-

(1)

aminer was one Johnson; that on the day of the injury the mine examiner, in course of duty, made an examination of deceased's working place in the mine, found it in a dangerous condition, and wilfully failed "to place a conspicuous mark thereat as notice to all men to keep out, and wilfully omitted to report his findings to the mine manager, and wilfully omitted to make a record of such condition, in a book kept for that purpose, before the miners were permitted to descend into the said mine, and wilfully permitted the deceased to enter said working place before the conditions therein were made safe, his entrance to said place not being under the direction of the mine manager; by means of which, while the said deceased was engaged in mining coal in said working place, a lot of the loose and unprotected roof fell down, to and upon him and so crushed and mangled him that he afterwards died from the effects thereof; and that the death of the deceased was the direct result of said wilful omissions and the said wilful omissions were the approximate cause of his death." Appellant filed plea of not guilty. Trial by jury resulted in a verdict and judgment for the plaintiff for twenty-five hundred dollars, from which the defendant appealed.

The evidence tended to prove that Andrew Johnson occupied the position of mine examiner and mine manager of appellant, and that in pursuance of his duty as mine examiner he went into the mine before the men were permitted to descend for work and made an examination of the working places therein; that he examined the working place of the deceased about 6:30 o'clock A. M., and there found over-hanging the roof of said working place a lot of "white top" which he thought was liable to come down at any time; that he knew the deceased and knew that he was working in that place; that he marked on the rail of the track in the room the day and the month of his visit, with chalk; and also placed on the roof of the entry, near the mouth of this working place, other chalk marks, for

the purpose of indicating to the timbermen employed
in said mine, that a cross-bar was needed for the pro-
tection of drivers in that entry; that he made no con-
spicuous mark on the roof of the deceased's working
place with chalk, as notice for all men to keep out; and
that he went on top and made the following report in
the book kept there for such purpose. ''Date, 11-1,
1905, I hereby certify that I am the duly certified mine
examiner of Illinois and that I have this day examined
the same, before any person was allowed to enter.
There are no dangerous accumulations of gas, or lack
of proper ventilation, no obstructions to road-ways
and no dangerous conditions, and I report all of the
conditions safe for beginning work. A. Johnson, Mine
Examiner.'' The proof further tends to show that he
then went to the office of the company, saw and con-
versed with the deceased who then went into the mine,
which was about eight o'clock, and was killed by a
fall of rock from the roof of his working place about
eleven o'clock the same morning.

On the trial of the case Johnson, the manager, was
called by appellant and testified to the conversation
with the deceased just before he entered the mine.
This testimony as abstracted is as follows: ''After I
examined his place I saw him (Andrewzewski) in the
office about a half hour after the examination and be-
fore he went into the mine. There were four or five
persons present (Runk, Arrington, Billy and Cross).
He came into the office and I said, 'your place is in bad
condition you have been knocking your timbers out for
the last three or four nights.' I told him he would
get hurt if he was not careful. I told him to timber
up his place. I do not know if I said anything else
or not. I told him he would have to be careful and
put up his timbers. I told him of some timbering to
do at the mouth of the room; he said he did not have
time to do that, that he had plenty of work inside to
timber his own place up. That was twenty minutes
before he went into the mine.'' This testimony and

that of another witness to the same conversation was excluded by the court on motion of the plaintiff, and the jury directed not to consider it. Appellant offered like proof by other witnesses who heard the conversation, but the court sustained appellee's objection and the testimony was ruled out. We think the court's ruling upon this evidence was prejudicial error, for which the judgment must be reversed.

It is alleged in the declaration that the entrance of the deceased into the mine and working-place was not under the direction of the mine manager and it is conceded by appellee in argument, that if deceased entered the mine under direction of the mine manager to repair and make safe the conditions of his working place, of which he was told, he cannot recover in this action. And such we are fully persuaded is the law. The declaration in this case is founded upon the wilful failure of appellant in its duty to inspect, mark, report and record unsafe conditions in the working places of the mine as required by sec. 18 of the statute. By the same section, when the mine is in an unsafe condition, no one is allowed to enter it or work therein, except under the direction of the mine manager, until all conditions have been made safe. When informed of the dangerous condition of the deceased's room or working place, it was the duty of the mine manager to see that the place was made safe and to direct that it be done. If in the performance of that duty the mine manager told the deceased of the dangerous condition and directed him to put in the necessary props and make the conditions safe, and if the deceased while in that service under the direction given by the mine manager, was injured, the appellant may not be held to liability in this case. The substance of the evidence excluded and offered was that Johnson, the mine manager, told the deceased that his place was in bad condition, that the timbers were out, that he would get hurt if he was not careful. "I told (directed) him to timber up his place and that he would have to be

careful and put up his timbers.'' To say the least, this evidence tended to prove that deceased when he entered the mine was acting under the direction of the mine manager to make safe the condition of his working place. By necessary inference the evidence tended to rebut the allegations that deceased was injured by appellant's wilful disregard of a statutory duty. In that way it tended to prove that the injury was not the proximate result of the alleged cause of injury. To prove that deceased was injured while acting under the direction of the mine manager, within the meaning of the statute, was to establish a complete defense, for, in that case, his employment at the time of the accident was not that of a miner engaged in digging coal as alleged, but as an employe under direction to repair and make safe a dangerous working place. For the time and while so engaged as a repairer, his duty and the risks assumed were changed, and he was not then within the protection of the statute invoked by this action. The evidence was material to the defense and should have been admitted. To exclude it was reversible error.

The error in giving appellee's instruction No. 2 and refusal of appellant's instruction No. 4 is manifest from what we have already said in discussing the action of the court in excluding evidence and requires no further comment. For the errors indicated the judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*