### Johanna Andrewzewski, Appellee, v. The Gallatin Coal & Coke Company, Appellant.

1. EVIDENCE—*when general objection insufficient.* A general objection is not sufficient where the nature of the question is such that it does not clearly appear "at first blush" to be improper.

2. INSTRUCTIONS—*when invade province of jury.* An instruction invades the province of the jury by declaring a mere evidentiary fact to be conclusive of the issue.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Washington county; the Hon. CHARLES T. MOORE, Judge, presiding. Heard in this court at the February term, 1908. Affirmed. Opinion filed September 12, 1908.

L. R. BROKAW and J. A. WATTS, for appellant.

VERNOR & VERNOR and WEBB & WEBB, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This case was before this court on appeal by appellant at a former term, and at the August term, 1907, we filed an opinion reversing the judgment of the Circuit Court for certain errors of law clearly stated in that opinion. 137 Ill. App. 1.

The case comes back to us on the present appeal.

purged of the errors found in the former record. A sufficient statement of the general facts of the case appears in the former opinion. We do not deem it necessary to re-state the case, and we think there are but three questions raised on the present appeal that demand discussion here.

Counsel insist that on the last trial the court erred in permitting certain witnesses to answer certain questions and to give certain testimony over their objections. Upon an examination of their abstract of the evidence we do not discover any material error in the respects complained of, but the state of the record, as they disclose it, is such that if error might now be pointed out, appellant is not in position to avail of it. All the objections made to any part of the evidence complained of, were the most general objections. "Defendant objected." "Objected to." "Defendant renewed objection." "Defendant requested the court to exclude the foregoing answer." The above quoted, and nothing more, appears in the abstract with respect to the objections and motions to exclude, other than that the court overruled the objections, and that the defendant excepted to the rulings of the court.

We discussed this question at some length in an opinion filed at the present term of this court, in the case of McCabe v. Swift & Co., *ante,* page 404. This state of record so frequently appears that we feel justified in repeating here what we said in that case: "The rule with respect to the sufficiency of objections is, that general objections are not sufficient where the nature of the question is such that it will not clearly appear 'at first blush' to be improper. In Ohio and Mississippi Railway Co. v. Walker, 113 Ind. 196 (200), the court, in an opinion by Mr. Justice Elliott, states the rule and the reasons for it, as follows: 'Objections to evidence to be of any avail must be reasonably specific. The particular objection must be fairly stated. It is not enough to state that the evidence is incompetent, or that it is immaterial and irrelevant.

This much is implied in the bare fact of objecting. If it be unnecessary to state the particular objection as well say, 'We object' and be done with it, since a mere general objection amounts to nothing more, for it is simply tantamount to an expression of the fact that counsel do object. It is no answer to the proposition asserted by the authorities to say that the evidence itself may reveal the objection, for this may be said of all incompetent and irrelevant evidence, when carefully scrutinized, and, if this be true, then there would be no reason for requiring a specific objection in any case. But there is reason for requiring the particular objections to be stated with reasonable certainty, for, in the hurry of a trial, it cannot be expected that particular objections will occur to the judge, although if stated he would readily perceive their force. Counsel, who are presumed to have studied the case, ought to be able to state the particular objections, and if none are stated, it is fair to assume that none exist, since an objection that cannot be particularly stated is not worth the making.' " The rule is a proper rule. It is not burdensome to the competent lawyer, it is but reasonable fairness to his adversary, and it is just to the court.

Counsel complain of the action of the trial court in the giving of one instruction on behalf of appellee and in refusing two instructions asked by appellant. The instruction given on behalf of appellee, of which complaint is made, is an instruction in the usual form employed in such cases, telling the jury that contributory negligence on the part of the plaintiff will not bar the action. It states the law applicable to that feature of this class of cases correctly. The instruction does not undertake to sum up the requisities for a recovery and authorize a verdict—it simply states the law as to that particular feature of the case. In the light of the evidence and the whole series of instructions, we think it is not possible that the jury was, or could have been, misled by this instruction.

As to the two refused instructions it is proper to note that the declaration in this case charges a wilful violation of the Mines and Miners Act in a number of respects, among them, in allowing the deceased "to enter the mine to work therein," before all conditions were "made safe." Appellant contended and attempted to prove that the deceased, who was a "coal digger," entered the mine on the occasion of his injury, "under the direction of the mine manager." Appellant presented to the court three instructions, bearing upon that question. One of them was given and the other two were refused. The one given was as follows:

"The court instructs the jury, that the law relating to the duty of mine owners, under which this action is brought, which makes the mine owner liable for damages sustained as a result of the wilful violation of the act as explained in these instructions also provides among other things as follows: 'No one shall be allowed to enter the mine to work therein, except under the direction of the mine manager until all conditions shall have been made safe' and the jury are instructed that if you believe from the evidence that the deceased did on the morning of the day of his death enter said mine and room under the direction of the mine manager of said mine, then the defendant is not liable in this action."

This instruction put appellant's position fairly before the jury, to the extent that appellant has no grounds for complaint. The two refused ones are denominated "4" and "6." The one that was given might properly have been refused under the issues and evidence in this case, because it authorizes a verdict in favor of appellant upon the one issue, whereas under the declaration and evidence in this case there was wilful violations of the act both charged and proved other than that of allowing the deceased "to enter the mine to work therein," before all conditions were "made safe," and it was at least within the province of the jury to determine whether or not one of these

was not the proximate cause of his injury and death, wholly irrespective of whether he was rightfully or wrongfully permitted to enter. With respect to the refused one, designated "4," it not only contains the vice of the given one above quoted, but it invades the province of the jury by declaring a mere evidentiary fact to be conclusive of the issue, and this is also true of the one denominated "6." Under the whole evidence in this case, we think the jury was abundantly warranted in finding that the deceased did not enter either the mine or the room in which he was killed, "under the direction of the mine manager," within the meaning of the statute, and the giving of any form of instruction taking that question from the jury, or in any manner minifying their power or duty with respect to it, would have been improper. And in any view of the case the court was not required to give more than one instruction bearing upon one point in the case.

We find no reversible error in this record. The judgment of the Circuit Court is affirmed.

*Affirmed.*