# John Cappelin, Appellee, v. Jones & Adams Coal Company, Appellant.

MINES AND MINERS—*who not entitled to protection under provisions of act.* An employe who has been specially assigned, under an arrangement for special compensation, to assist in repairing and making safe a dangerous place, cannot, at his option, change his status and become a mine employe, strictly so-called, entitled to the protection of the provisions of the Mines and Miners Act.

Action in case for personal injuries. Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1911. Reversed. Opinion filed October 14, 1911.

BROWN, WHEELER, BROWN & HAY, for appellant; MASTIN & SHERLOCK, of counsel.

STEVENS & HERNDON and W. A. BRADFORD, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in case to recover damages for injuries alleged to have been sustained by the wilful violation by the defendant of the Mines and Miners Act, in failing to post danger notices at a certain dangerous place in its mine, at which the plaintiff was working, and in permitting the plaintiff to enter such working place before the dangerous conditions had been made safe, not under the direction of the mine manager. A motion by the defendant at the close of the evidence, for a peremptory instruction, was overruled, and upon the verdict of the jury judgment was rendered against the defendant for $750.

Prior to August 9, 1909, the plaintiff had been in the employ of the defendant as a miner. He had been for

several weeks employed in turning and driving a certain room in the defendant's mine, and had driven the same some twenty feet from the entry, including the neck of the room. While he was so engaged, slate had frequently crumbled and fallen from the roof of the room. On the morning of the day in question, the plaintiff, upon entering said room shortly before eight o'clock, found that slate sufficient to fill three or four cars, had fallen from the roof. Under the custom followed in the mine, in case of a fall of slate, it was the duty of the miner to clean it up, but if he desired to receive pay therefor it was necessary for him to report to the mine manager and receive authority from him to do the work, in which case he received certain compensation, by hour, for the time employed; if the miner cleaned up a fall of slate without first reporting to and receiving authority from the mine manager, he received no pay for the work. Pursuant to such custom, the plaintiff informed the mine manager of the fall of slate, and received authority from him to clean up the same and load it into cars. From that time until he was injured, the plaintiff proceeded to load the slate into cars as fast as the same were furnished him by the drivers. In the meantime, timber-men came to the room and placed a bar across the neck of the room, about five feet from the entry, and were preparing to place another bar across said neck and then lag between the bars for the purpose of supporting the roof. After the plaintiff had loaded the third car, and while awaiting another, he proceeded to drill a hole in the coal for the purpose of placing a shot therein, and while so engaged observed that his lamp was in need of oil. While passing through the neck of the room for the purpose of procuring oil, a large piece of slate fell upon him and injured him.

The evidence clearly shows that the roof of the room in question was at the time of the injury and for some

time prior thereto, in a dangerous condition. On the morning in question the mine examiner indicated by a chalk-mark that the place needed timbers; he failed, however, to place a danger signal at or near the room, or to report to the mine manager that the room was dangerous.

The controlling issue in the case, as we view it, is whether or not the plaintiff, at the time he was injured, was engaged in mining coal, so as to place him under the protection of the Statute, or whether he was merely engaged in making his working place safe under the direction of the mine manager, in which event he would not be entitled to recover under the declaration. Although when the plaintiff first entered the room to dig coal, he was within the protection of the Statute, after his complaint to the mine manager, and after he had sought employment as a company man and was ordered by the mine manager to clean up the slate, he was not within the protection of the Statute. At the time of the accident his relation to the defendant was not that of a miner engaged in digging coal, as alleged, but that of an employe under direction to assist in repairing and making safe a dangerous place. Coke Co. v. Andrewsewski, 137 Ill. App. 1. Having been assigned to the latter duty, for which he was to receive special compensation by the hour, it was his duty to continue in the performance of the same until his work was completed. The defendant had the right to assume that he would do so. He had no right to change his status by digging coal or working at the face of the room while he was being paid as a company man. After the defendant had assigned him to the work in question, it was manifestly not its duty to place a guard over him to see that he did not mine coal until the place had been made safe. To hold that he was at liberty, without notice to the defendant, to change at will, from one capacity to the other, and thus place himself alternate-

ly within and without the protection of the Statute, would be manifestly unjust to the defendant. If he chose to depart from the employment which he willingly and knowingly assumed, whatever may have been his motive, without first notifying the mine manager, he cannot claim the protection of the Statute.

The judgment of the circuit court must, therefore, be reversed.

*Reversed with finding of fact.*

We find that the defendant was not guilty of the negligence charged in the declaration.